## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**GEOFFREY K. LOTT,**
     **Plaintiff,**

**v.**                                        **Case No. 3:10cv474/RV/CJK**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**
     **Defendant**.

---

## <u>REPORT AND RECOMMENDATION</u>

This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b), and NORTHERN DISTRICT OF FLORIDA LOCAL RULES 72.1(A), 72.2(D), and 72.3, relating to review of administrative determinations under the Social Security Act ("Act") and related statutes, 42 U.S.C. §§ 401-1400v.  The case is now before the court pursuant to 42 U.S.C. § 405(g), for review of a final determination of the Commissioner of Social Security ("Commissioner") denying claimant's applications for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401-34, and for supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381-83.

Upon review of the record before this court, I conclude that the findings of fact and determinations of the Commissioner are supported by substantial evidence.  The Appeals Council committed no error in declining review of the decision of the Administrative Law Judge ("ALJ").  The decision of the Commissioner, therefore, should be affirmed.

## PROCEDURAL HISTORY

On September 27, 2007, Geoffrey Lott (who will be referred to by name, as plaintiff, or as claimant) protectively filed applications for disability insurance benefits and supplemental security income, alleging disability beginning January 1, 2005. T. 15, 102-08, 109-11, 140-41.[1]  The applications were denied initially and on reconsideration. T. 53-55, 61-66.  Claimant sought an administrative hearing, which was held before an ALJ on September 25, 2009.  T. 24-48.  Plaintiff appeared and testified at the hearing; Leslie Gillespie, an impartial vocational expert, also appeared at the hearing.  T. 42-47.  In a decision dated October 14, 2009, the ALJ denied claimant's applications for disability insurance benefits and supplemental security income, finding Mr. Lott had not been under a disability within the meaning of the Act from January 1, 2005, through the date of the decision.  T. 15-23.

Mr. Lott sought review by the Appeals Council, and filed supplemental briefing.  T. 6-11.  The Appeals Council denied the request for review on September 24, 2010.  T. 1-5.  This denial rendered the ALJ's decision the final decision of the Commissioner.  Claimant now seeks judicial review pursuant to § 1383(c) of the Act.

## FINDINGS OF THE ALJ

In his written decision the ALJ made several findings relative to the issues raised in this appeal:

1.  Claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

---

[1] The administrative record, as filed by the Commissioner, consists of eight volumes (doc. 5 through 5-7), and has 288 consecutively numbered pages.  References to the record will be by "T." for transcript, followed by the page number.

2.  Claimant has not engaged in substantial gainful activity since June 1, 2005, the alleged onset date.

3.  Claimant has the following severe impairments:  left acromioclavicular ("AC") separation; chronic tendinitis in right shoulder; hypertension; spinal stenosis; obesity; tendon injury to right hand finger; small central disc protrusion at L5/S1; and type II diabetes.    4.  Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5.  Claimant has the residual functional capacity to occasionally lift and carry 20 pounds and lift and carry ten pounds frequently; stand and walk for six hours in an eight-hour workday; and sit for six hours in an eight-hour workday.  He cannot engage in the pushing and pulling of arm controls; cannot work above shoulder level; cannot engage in the climbing of ladders, ropes, or scaffolds, or engage in squatting, crawling, or kneeling.  He cannot be exposed to dangerous heights or machinery, and cannot engage in fine manipulation with his right hand.  Because of pain and medication side effects (diminished concentration), he is also limited to understanding, remembering, and carrying out simple one- and two-step instructions or tasks.  He is also limited to only occasional exposure to dust, fumes, and gases.

6.  Claimant is unable to perform any past relevant work.

7.  Claimant was born on November 30, 1960, and was 44 years old, which is defined as a younger individual age 18–49, on the alleged disability onset date. Claimant has a limited education and is able to communicate in English.

8.  Claimant has acquired work skills from past relevant work, but is limited to unskilled work, so transferability is not an issue.

9.   Considering claimant's age, education, work experience, and residual functional capacity, there are jobs he can do and that exist in significant numbers in the national economy.

10.   Claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2005, through the date of the administrative decision.  T. 18-22.

<u>STANDARD OF REVIEW</u>

"Review of the Commissioner's final decision is limited to determining whether the decision is supported by substantial evidence from the record and was a result of the application of proper legal standards."  *Olds v. Astrue*, No. 5:09cv319/RS/EMT, 2011 WL 691595, at *1 (N.D. Fla. Jan. 19, 2011); *see also Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991) ("[T]his Court may reverse the decision of the [Commissioner] only when convinced that it is not supported by substantial evidence or that proper legal standards were not applied.").  Substantial evidence is "'such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938)).  The court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Secretary[.]'"  *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

The Social Security Act defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability, the physical or mental impairment must be

so severe that the plaintiff is not only unable to do her previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(g), the Commissioner analyzes a disability claim in five steps:

1. If the claimant is performing substantial gainful activity, he is not disabled.

2. If the claimant is not performing substantial gainful activity, his impairments must be severe before he can be found disabled.

3. If the claimant is not performing substantial gainful activity and he has severe impairments that have lasted or are expected to last for a continuous period of at least 12 months, and if his impairments meet or medically equal the criteria of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, the claimant is presumed disabled without further inquiry.

4. If the claimant's impairments do not prevent him from doing his past relevant work, he is not disabled.

5. Even if the claimant's impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates her residual functional capacity and vocational factors, he is not disabled.

Claimant bears the burden of establishing a severe impairment that keeps him from performing his past work. *See* 20 C.F.R. § 404.1512. "If the claimant establishes such an impairment, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform." *Olds*, 2011 WL 691595, at \*2. "If the

Commissioner carries this burden, the claimant must then prove he cannot perform the work suggested by the Commissioner." *Id.*

<u>FACT BACKGROUND AND MEDICAL HISTORY</u>[2]

Claimant has a history of back pain related to central L5-S1 herniated nucleus pulposus.  T. 189.  He underwent epidural steroid injection in 2000.  T. 189-90. Medical records indicate Mr. Lott uses Methadone, from which he receives apparent relief.  An emergency room chart of November 2005 reveals a normal back exam.  T. 195.  The same chart, however, shows a prominent AC separation of the left shoulder, without associate fracture.  T. 197.  Claimant also complained of pain in his right hand following an automobile accident.  T. 193.

Mr. Lott sought care from Dr. Kinzelman of Sacred Heart Medical Group during 2006.  The chart reveals chronic back pain, swelling, and pain of the right hand, and the dislocated left shoulder.  T. 204-16.  The capsulization of these records, as recounted by the ALJ, is not in dispute:

> The examination showed he was in no obvious distress.  It was noted that claimant was without pain medication, pain is up to an 8, but with pain medication, it goes now to about 2 or 3.  Claimant reported that he is capable of functioning at that level.  Claimant was diagnosed with chronic problem with a dislocated left shoulder.  Claimant was seen on June 21, 2006 for 2 month follow up of his chronic back pain problem. He used Soma 350 mg and Lortab 7.5 mg.  On this level, his back pain is kept under control.  Claimant reported that his pain is around a 1 or 2 with pain medicines and 6 without pain medicines.  Claimant reported that he is capable of continuing to function in air conditioning repair at this level.  It was noted that he was in no distress.  Claimant was

---

[2] Although intended to be thorough, and to provide an overview of claimant's history of care and treatment, this synopsis of medical evidence will be supplemented as called for in the Analysis section.

diagnosed with hypertension 130/80 and also has chronic back pain. Claimant was prescribed Lortab 7.5 mg and Soma 350 mg. Claimant was seen on October 30, 2006 for follow up of back pain. It was noted that claimant suffers with chronic back pain and is known to have an acquired spinal stenosis of L4/L5. Claimant had hypertension that was found under less than adequate control. He reported that his blood pressure stays about 138/80 when he takes his blood pressure medication. It was noted that claimant was in no distress. Claimant reported that without pain medicine, he is up to about 6/10 on the pain scale, with medicine he goes down to about a 2/10. Claimant complained of problems with his dislocated shoulder on his left side.

T. 20.

A consultative exam by Dr. Lucey on December 27, 2007, revealed pain in the left and right shoulders, with more pain on the right. Grip strength was normal in both hands with normal fine manipulatory movements. Dr. Lucey noted left AC separation, chronic tendinitis of the right shoulder, with possible associated degenerative joint disease, and chronic low back syndrome. T. 217-18.

Consultant Dr. John Dawson completed a Residual Functional Capacity Assessment in March 2008. T. 229-36. Claimant can occasionally lift and/or carry 20 pounds. He can frequently lift and/or carry ten pounds. He is able to stand and/or walk for about six hours in an eight-hour workday, and sit for about six hours. He can do unlimited pushing and/or pulling of hand and foot controls. Mr. Lott has no postural limitations, no visual limitations, no communicative limitations, and no environmental limitations, all according to this assessment.

Germane to this appeal, Mr. Lott submitted additional medical records to the Appeals Council. He provided a right shoulder MRI as follows:

Impression[s]:

1. Large full thickness rotator-cuff tear involving the supraspinatus and infraspinatus tendon fibers.  There is retraction of the myotendinous junction and cranial migration of the humeral head in relation to the glenoid fossa.  Large osteophytes of the undersurface of the AC joint space are likely contributing to the underlying rotator-cuff tear.

2. Streaks of signal at the base of the anterior, posterior, superior and inferior labra suggestive of labral tears.  If further evaluation is still felt warranted, consider MR arthrogram.

3. Significant degenerative changes at the glenohumeral joint space. Numerous subchondral cysts are seen along the margins of the humeral head.

T. 264.  He also provided a left shoulder x-ray:

There is a prominent AC separation with the distal clavicle displaced by nearly 2 cm.  There is [sic] no associated fractures.  Acromion is intact. The humeral head is well seated within the glenoid.  No dislocation. IMPRESSION:  AC joint separation.

T. 197.

Finally, through counsel, claimant obtained and provided to the Appeals Council a November 9, 2009, report from Dr. Kinzelman.  T. 275.  In his brief, claimant notes portions of that report he views as significant.  Dr. Kinzelman said Mr. Lott suffers chronic shoulder pain dating to the 2005 automobile accident.  Mr. Lott had a third-degree separation of the left shoulder and torn ligaments of two fingers on the right hand.  Dr. Kinzelman also stated that claimant was unable to straighten those fingers, and complains of pain in the right hand, as well as pain in both shoulders.

## HEARING BEFORE THE ALJ

Mr. Lott and vocational expert Gillespie testified at the hearing held in September 2009.  T. 24-48.  Plaintiff last worked full time in 2004 as an apartment maintenance worker.  He has an old back injury dating from a 1996 work accident. In 2005 he had an automobile accident, suffering injuries to both shoulders and two fingers on the right hand.  He takes Methadone for pain and Naproxen for inflammation.  Mr. Lott lives with his girlfriend who is herself on Social Security disability.  He drives the girlfriend to the doctor and shops for the two of them, although he sometimes experiences back pain while waiting in line at the grocery.

The ALJ questioned Mr. Lott concerning the shoulder complaints.  T. 35-36. After the car accident, the left shoulder hurt most.  A month later the right shoulder hurt due to a torn rotator cuff.  When he moves his shoulders "around a lot they–both shoulders start hurting."  T. 36.  In response to questioning from his lawyer, plaintiff said he is in pain all the time.  He characterized the pain as "about a three (on a scale of 10)."  T. 39.  Questioned about the right rotator cuff tear, Mr. Lott claimed it "pops," "pinches a nerve," and "hurts all the time."  T. 40.  Discussing the right hand, claimant said he could lift a gallon of milk, and maybe about ten pounds.

Vocational expert Gillespie considered a hypothetical question including a number of limitations–the hypothetical person would be limited to light exertion, could not push or pull arm controls, could not work above the shoulder level, and would not be able to engage in fine manipulation with the right hand.  T. 44. Considering these (and several other) limitations, Gillespie identified two occupations available in substantial numbers in the national and Florida economies. T. 45.  The ALJ then asked a second hypothetical, adding the factor of pain-induced limitation in the ability to maintain concentration, ability to interact with others, and

ability to complete tasks in a timely manner.  Given these assumptions, Gillespie could not identify suitable work.  T. 47.[3]

ANALYSIS

Plaintiff raises one issue in this appeal, arguing that the Appeals Council failed to properly evaluate new "and material" evidence.  Accordingly, he asks the court to remand the case to the Commissioner pursuant to sentence six of 42. U.S.C. § 405(g).  (Doc. 8, 13-14)  Sentence six, says claimant, requires the remand because, in the language of the regulation, "there is new evidence which is material and . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  Mr. Lott specifically identifies the MRI of the right shoulder as such new evidence.  (Doc. 8, 9)

The Commissioner responds, arguing the Appeals Council properly considered the new evidence, and the ALJ's decision is supported by substantial evidence.  Accordingly, says the Commissioner, remand for further consideration would be unwarranted.  (Doc. 9, 4-5)

The Appeals Council is required to evaluate the entire record, including the new and material evidence submitted, so long as the evidence relates to the period at or before the ALJ decision.  *See Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); 20 C.F.R. § 404.970(b).  To be material, new evidence must be non-cumulative, relevant, and probative of a claimant's condition during the time period for which benefits were denied, and there must be a reasonable likelihood

---

[3] Gillespie also responded to a third hypothetical, T. 47, not detailed here because it assumes medical limitations, and, on appeal, Mr. Lott complains of the insufficient weight afforded new information concerning his shoulder.

that it would have changed the Commissioner's determination.  *See Woolf v. Shalala*, 3 F.3d 1210, 1215 (8th Cir. 1993).

Here, the Appeals Council, by its own statement, clearly referenced the "additional evidence listed on the enclosed Order of Appeals Council," and found that this information did not provide a basis for changing the ALJ's decision.  T. 1-2. Also, the Order of Appeals Council, as well as the Appeals Council Exhibits List, listed the new medical evidence which included the December 2009 MRI, and the additional evidence was made part of the administrative record.  T. 4-5, 262-79. Thus, the Appeals Council clearly considered this new evidence and found that it did not provide a basis for changing the ALJ's decision; no requirement mandates that the Appeals Council articulate its reasons for denying review.  *See* 20 C.F.R. § 404.970(b); *see also Ridings v. Apfel*, 76 F. Supp. 2d 707, 709 (W.D. Va. 1999) (noting Appeals Council is not required to give detailed assessment of its failure to grant review after it has considered new evidence).

As for district court review in such a case, "a federal district court must consider evidence not submitted to the administrative law judge but considered by the Appeals Council when that court reviews the Commissioner's final decision denying Social Security benefits."  *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1258 (11th Cir. 2007).  In the Eleventh Circuit, "the denial of a request for review by the Appeals Council is part of the 'final decision' of the Commissioner . . . ."  *Id.* at 1263 (agreeing with decisions of the Second, Fourth, Fifth, Eighth, Ninth, and Tenth Circuit Courts of Appeal).  In the Eighth Circuit case cited in *Ingram* for this rule, the court said, "If, as here, the Appeals Council considers the new evidence but declines

to review the case, we review the ALJ's decision and determine whether there is substantial evidence in the administrative record, which now includes the new evidence, to support the ALJ's decision." *Nelson v. Sullivan*, 966 F. 2d 363, 366 (8th Cir. 1992).

To be sure, the new MRI does show a tear of the right rotator cuff. Nevertheless, the evidence of record does not show limitations or pain beyond those considered and utilized by the ALJ. Other medical examinations, plaintiff's activities of daily living, and plaintiff's own sworn testimony do not support a disabling level of functional loss. Similarly, the MRI finding does nothing to bring into question plaintiff's own characterization of the level of pain control maintained with medication.

Acknowledging the rules concerning review, claimant argues he is entitled to remand under *Vega v. Commissioner of Social Security*, 265 F. 3d 1214 (11th Cir. 2001). The court must respectfully disagree. In *Vega*, the ALJ did not consider at all claimant's herniated disc, the discovery of which took place after the ALJ decision, or claimant's chronic fatigue syndrome. *Id.* at 1219. Here, claimant cannot show that the ALJ did not consider limitations imposed by the shoulder. Such conclusion is manifest in the residual functional capacity used by the ALJ. As noted above, the ALJ determined claimant would be limited to light exertion, could not push or pull arm controls, could not work above the shoulder level, and would not be able to engage in fine manipulation with the right hand. As the ALJ found, such a residual functional capacity does not preclude the jobs identified by the vocational expert. Moreover, claimant does not identify how the new evidence goes beyond the

limitations accepted by the ALJ, which include substantial accommodation for the shoulders.  Also, and with regard to *Vega*, the Eleventh Circuit has clarified its view that whatever survives of that case, it does not have broad applicability:

> In contrast with settled precedents like *Caulder* and *Milano*, a recent precedent clouds the issue.  In *Vega v. Commissioner of Social Security*, the claimant submitted new evidence to the Appeals Council, which denied review, and the claimant argued on judicial review that the Appeals Council had provided "no indication that it meaningfully considered the new evidence."  265 F.3d 1214, 1218 (11th Cir. 2001). Although we framed the issue as "[w]hether the Appeals Council erred in failing to remand this matter to the ALJ on the basis of new and material evidence," we applied, based on the misleading dicta in *Falge*, the standard that governs the introduction of new evidence to a federal court under sentence six.  *Id.*  We did not explain whether the Appeals Council considered the evidence, whether the evidence had been properly submitted to the Appeals Council, or whether the evidence was a part of the administrative record.  *Id.*  Instead, we concluded that the evidence was new and material and good cause existed for the failure of the claimant to have submitted the evidence to the administrative law judge.  We ordered the district court to remand "to the ALJ for consideration of Vega's post-hearing evidence."  *Id.* at 1220.

> Our discussion in *Vega* of sentence six is inconsistent with our earlier precedents in *Bowen v. Heckler*, *Caulder*, and *Milano*, the opinions of the Supreme Court in *Finkelstein* and *Melkonyan*, and the text of the statute.  *See Robinson v. Tanner*, 798 F.2d 1378, 1383 (11th Cir. 1986) (when panel opinions of this Circuit conflict, the earlier decision is controlling).  In *Bowen v. Heckler*, this Court explained that remand is appropriate under sentence four when "the Appeals Council did not adequately consider the additional evidence" but is appropriate under sentence six when "evidence, that was not before the Secretary, has been submitted for the first time to [a federal] court."  748 F.2d at 636.  In *Caulder*, this Court explained that evidence in the

administrative record could be considered under sentence four but applied the standard for sentence six to determine whether to remand a case to the Commissioner to consider evidence outside of that record. 791 F.2d at 876-78.

*Ingram*, 496. F.2d at 1268-1269.

Inclusion of the October 2009 MRI in the administrative record does not show a reasonable possibility that it would have changed the decision here under review. *See Caulder v. Bowen*, 791 F.2d 872, 877 (11th Cir. 1986).  Further, the Appeals Council has clearly stated that it did consider the new evidence.  T. 5.  The Appeals Council did not err in denying review or in failing to remand this case for further proceedings.  The Commissioner's decision should be affirmed.

Accordingly, it is respectfully RECOMMENDED:

The applications for disability insurance benefits and supplemental security income be DENIED.

At Pensacola, Florida, this 12th day of December, 2011.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).